NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALLEN M. WHITE, | : |
| | : Hon. Faith S. Hochberg |
| Plaintiff, | : |
| v. | : Civil No. 05-4432 (FSH) |
| | : |
| SUN LIFE ASSURANCE COMPANY OF | : **OPINION & ORDER** |
| CANADA, SUN LIFE FINANCIAL, and | : |
| PLUMROSE USA, INC. | : Date: November 15, 2005 |
| | : |
| Defendants. | : |

**HOCHBERG, District Judge:**

This matter having come before the Court upon Plaintiff's application for a preliminary injunction pursuant to Fed.R.Civ.P. 65(a) seeking to compel Defendants Sun Life Assurance Company of Canada and Sun Life Financial ("Defendant Sun Life") to pay him past and future Long Term Disability benefits allegedly due under the terms of an ERISA plan issued by Defendant Sun Life; and the Court having considered the written submissions of the parties pursuant to Fed.R.Civ.P. 78; and

it appearing that Plaintiff filed a complaint on September 12, 2005 against Defendant Plumrose and Defendant Sun Life alleging wrongful denial of long-term disability benefits; and

it appearing that Plaintiff applied for a preliminary injunction by way of Order to Show Cause dated September 14, 2005 seeking "to compel Defendant to pay Plaintiff all back benefits due to him, to continue to pay such benefits going forward and to waive all premiums otherwise due on this policy pursuant to the waiver of premium provisions, pending the outcome of this litigation"; and

it appearing that an injunction is an extraordinary remedy which should only be granted in limited circumstances.  See Adams v. Freedom Forge Corp., 204 F.3d 475, 487 (3d Cir. 2000) (emphasizing the "extraordinary nature of the preliminary injunction power"); and

it appearing that a court should issue an injunction only where the moving party produces evidence sufficient to establish that the following four factors favor preliminary relief: (1) the likelihood plaintiff will prevail on the merits; (2) the extent to which plaintiff is being irreparably harmed by the conduct at issue; (3) the extent to which the non-moving party will suffer harm if the injunction is granted; and (4) the public interest.  New Jersey Hosp. Assoc. v. Waldman, 73 F.3d 509 (3d Cir. 1995).

it appearing that the party seeking preliminary injunctive relief must make a "clear showing of immediate, irreparable injury or a presently existing actual threat."  Barclays Business Credit, Inc. v. Four Winds Plaza Partnership, 938 F. Supp. 304, 310 (D.V.I. 1996) (internal quotations omitted); and

it appearing that Plaintiff has failed to produce sufficient evidence demonstrating that he will suffer immediate and irreparable harm without the aid of an injunction.

Accordingly, **IT IS** on this 15th day of November 2005,

**ORDERED** that Plaintiff's application for a preliminary injunction is **DENIED** without prejudice.

/s/ Faith S. Hochberg

**Hon. Faith S. Hochberg, U.S.D.J.**